## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Lorenzo Downing, individually, | Court File No.: 1:19-CV-00929 MLB-JKL |
| Plaintiff, | |
| v. | **PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION** |
| IOU Central, Inc. d/b/a IOU Financial, LLC, a Georgia limited liability company, | |
| Defendant. | |

## INTRODUCTION

Under 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b)(2), and Rule 72.1(B) of the Rules of this Court, Plaintiff respectfully submits the following objections to certain of the Magistrate Judge's Report and Recommendation, issued on May 9, 2019. Plaintiff objects to the Report and Recommendation overall, its analysis, and its conclusion that Plaintiff's First amended Complaint should be dismissed; thereby granting Defendant's Motion to Dismiss.

## OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ("R&R") OF MAY 29 2019

Under 28 U.S.C. § 636(b)(1)(C), as well as Federal Rule of Civil Procedure 72(b)(2) and Rule 72.1(B) of the Rules of this Court, any party may serve and file objections to the proposed findings and recommendations of the Magistrate Judge. Under both § 636(b)(1)(C), this Court must make a *de novo* determination of those portions of the report to which objection is made.  Plaintiff thus

submits these detailed objections to preserve matters for this Court's review as well as for subsequent review.

In the First Amended Complaint ("FAC"), Plaintiff asserts claims on behalf of himself to address the prohibited and fraudulent conduct, as well as other wrongs committed by Defendant against him. Plaintiff also asserts direct claims for damages he incurred as a result of torts committed by Defendant against Plaintiff individually. The Magistrate has concluded that all of Plaintiff's claims (except Count III and a corresponding claim, Count VI, under the GFBPA) are subject to dismissal based on (1) the *Rooker-Feldman* doctrine, (2) res judicata, (3) Defendant's generic assertion that Plaintiff has failed to state a claim under Rule 12(b)(6), and (4) Defendant's superficial assessment that Plaintiff's fraud claim does not satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

Defendant's motion should be denied.  First, the face of the First Amended Complaint ("FAC") does not support Defendant's asserted defenses under applicable law and the facts of this case, and dismissal is unwarranted at the Rule 12(b)(6) stage. Second, Plaintiff has properly brought direct claims to recover for torts committed against him. Third, Defendant's argument that Plaintiff did not plead fraud with particularity should be completely disregarded, as it is based on a purported "analysis" of Plaintiff's claim without addressing the primary allegation of forgery and its nature

included in the detailed FAC.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

Defendant seeks dismissal for failure to state a claim under Rule 12(b)(6) and for lack of jurisdiction under Rule 12(b)(1). This Court should deny Defendant's Motion to Dismiss in its entirety. The Complaint more than satisfies the pleading standards with respect to all the challenged counts. A complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 669 (2009). To withstand scrutiny under 12(b)(6), a complaint need not contain "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564. The complaint must be construed liberally, and any reasonable inferences arising from the complaint must be interpreted in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). *Phillips v. Messerli & Kramer P.A.,* No. 08-4419, 2008 WL 5050127, at *1 (D. Minn. Nov. 20, 2008) (Frank, J.) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). Even in a jurisdictional challenge under Fed. R. Civ. Proc. 12(b)(1), the Court must consider all allegations in the light most favorable

to the plaintiff. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d. Cir. 2000).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the court must construe the complaint broadly and liberally in conformity with the principle set forth in Rule [8(e)] that [pleadings must be construed as to do justice.]" *Shared Network Technologies, Inc. v. Taylor*, 669 F. Supp. 422 (N.D. Ga. 1987).  In deciding a Rule 12(b)(1) motion, the court "may consider materials outside the pleadings," but "must still accept all of the factual allegations in the complaint as true." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005) (citation and alteration omitted). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001). As such, "'the plaintiff's factual allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 2d § 1350 ); *Molock v. Whole Foods Mkt., Inc.*, 297 F.Supp.3d 114 (D. D.C., 2018).  A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. *Fed. R. Civ. P. 12(b)(1).*

4

An attack on subject matter jurisdiction "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit*, 613 F.2d 507, 511 (5th Cir. 1980)). On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. *Oyce Holdings LLC v. United Way,* 1:14-CV-00668, (N.D. Ga., 2014) (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).

Here, Lorenzo Downing filed a detailed Amended Complaint, included more than sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face. In moving to dismiss, Defendant improperly, and incorrectly, ignores inconvenient facts pled, and asserts facts found nowhere in the Complaint – or in reality. Taking the facts pled in the light most favorable to Lorenzo Downing leaves no question that the Plaintiff has adequately stated each of the challenged claims and that this Court has subject matter jurisdiction to consider them.

## I.    THE MAGISTATE'S CONCLUSION THAT COUNT I IS BARRED BY *ROOKER-FELDMAN* IGNORES SUPREME COURT PRECEDENT

The Magistrate contends that "in sum, Plaintiff's claims, with the exception of Count III and Count VI, are predicated entirely on injuries that were allegedly caused by the Circuit Court's entry of a judgment holding him liable for Spartan's debt."  R&R, p.

24.  The Court's assessment is simply incorrect.  First, nowhere in Plaintiff's pleading does he allege any such injury.  Plaintiff's claims are based on Defendant's activity separate and apart from the Circuit Court's judgment.  As Plaintiff argued in its brief, the *Rooker-Feldman* doctrine prohibits lower federal courts from engaging in <u>appellate</u> <u>review</u> of state court decisions.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 280-81 (2005).  Plaintiff here seeks no such review.

Moreover, the Magistrate jumps to the conclusion that the issues are "inextricably intertwined" by deeming that Plaintiff is seeking an attack on the state court judgment.  However, an issue is "inextricably intertwined if the federal claim succeeds *only* to the extent that the state court wrongly decided the issues before it."  *Goetzman*, 91 F.3d at 1177.  Here again the Magistrate wrongly assumes success on Plaintiff's claims means an attack on the state court judgment.  Nothing could be further from accurate and nothing in Plaintiff's Amended Complaint asserts the invalidity of the state court action. Plaintiff plainly contends that Defendant is pursuing litigation through use of a forged document.  Said activity violates the statutes on which Plaintiff has brought his action and the common law.  Any judgment here will not disturb the state court judgment.

In *Exxon*, the Supreme Court clarified when the doctrine was to be applied.  Noting that it had only applied the *Rooker-Feldman* doctrine on two occasions -- specifically in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462 (1983) – the Supreme Court limited what it viewed to be a growing, unnecessary expansion of the applicability of the doctrine by federal courts.  According to the *Exxon* Court, lower federal courts have variously interpreted the *Rooker-Feldman* doctrine to "extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction *concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of precluion law under 28 U.S.C. § 1738*."  544 U.S. at 283 (emphasis added).

The *Exxon* court held that a district court is not precluded:

> from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.  If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party …, then there is jurisdiction and state law determines whether the Appellee prevails under principles of preclusion.'  (citing *GASH Assocs. v. Rosemont*, 995 F.2d 728 (C.A. 7 1993).

544 U.S. at 293.

In determining the applicability of the *Rooker-Feldman* doctrine, a court "cannot simply compare the issues involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint," but rather "must pay close attention to the relief sought by the federal-court plaintiff." *Best Jewelry Mfg. Co. v. Reed Elsevier Inc.* (N.D. Ga. 2017)

Where, as here, Plaintiff is not seeking reversal of the state court judgment and has

presented new and independent claims, the *Rooker-Feldman* doctrine does not apply. *Exxon*, 544 U.S. at 291-92.

**B.      *Rooker-Feldman* Does Not Apply to Divest this Court of Jurisdiction**

The Magistrate asserts that this Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine, alleging that Plaintiff is essentially inviting this Court to review and reject a state court judgment. Plaintiff does not make this argument and this Court should find that *Rooker-Feldman* is wholly inapplicable in this case.

In this case, Plaintiff has explicitly alleged claims for intentional fraud under Georgia law, the Georgia Uniform Deceptive Trade Practices Act and the Georgia Fair Business Practices Act; claims separate and distinct from the formerly pro se Plaintiff's challenge to the jurisdiction of the previous state courts where ***Defendant,*** *not Plaintiff,* has been initiating legal actions.

The instant action in no way seeks review of or challenge to the foreign court judgments nor substantially impedes action thereon.  However, Plaintiff's challenge to the manner in which Defendant has sought to pursue its alleged rights is not barred by *Rooker-Feldman*. *Cf. Christophe*, 198 F. App'x at 825 (finding that "the fact that [the plaintiff] lost in court and was to be evicted pursuant to the court's ruling is a separate and distinct issue apart from how that ruling was effectuated by the Sheriff's office" and that

8

the latter issue was not barred by *Rooker-Feldman*). Like the plaintiff in *Christophe*, Plaintiff here has had no opportunity to assert his claims at bar because at the time that he litigated the state court actions, these claims were not available and further he was not permitted to appear with his counsel (who was out of the country) to defend himself. Thus, this Court retains subject matter jurisdiction over these claims.  Indeed, Plaintiff's claims are wholly distinct from the collection actions litigated in state court, and the *Rooker-Feldman* doctrine has no bearing on them. *See generally Enwonwu v. Fulton Cnty. M*arshal 1:16-cv-797, (N.D. Ga. 2016).

On the record, it appears that the court contorted itself to force the facts of Mr. Downing's case into the *Rooker-Feldman* box rather than perform a review of the substance of the allegations.  In doing so, it ignored the admonishment of the Supreme Court that "lower federal courts have variously interpreted the *Rooker-Feldman* doctrine to "extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction *concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law under 28 U.S.C. § 1738.*"  544 U.S. at 283 (emphasis added).

Accordingly, the Court should sustain Plaintiff's objections and deny Defendant's motion to dismiss.

## II.    PLAINTIFF'S  FAIR  DEBT  COLLECTION  PRACTICES  ACT  CLAIM SATISFIES THE RULE 12 PLEADING STANDARD

A complaint need only contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true, and construes all of the facts in favor of the plaintiff. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

Plaintiff's FAC provides much more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Lorenzo Downing's complaint for relief under the Fair Debt Collection Practices Act contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

The FDCPA was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e*). Al-Sharif v. United States*, No. 08-10741 (11th Cir. 2008) (11th Cir. 2008); *see* 15 U.S.C. § 1692(e); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir.2010).

To prevail on an FDCPA claim, a plaintiff must establish that:

[he] [has] been the object of collection activity arising from a consumer

10

debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.*, Civ. No. 1:09–cv–1387–TWT, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010) (Thrash, J., adopting Vineyard, M.J.) (quoting *Beadle v. Haughey*, No. Civ. 04–272–SM, 2005 WL 300060, *3 (D.N.H. Feb. 9, 2005), and *Russey v. Rankin*, 911 F. Supp. 1449, 1453 (D.N.M.1995) (alteration in original)); *see also McCorriston v. L.W.T., Inc.,* 536 F.Supp.2d 1268, 1273 (M.D.Fla.2008). Each element of the FDCPA claim is discussed separately. Frazier v. Absolute Collection Serv. Inc. a North Carolina Corp.., 767 F.Supp.2d 1354 (N.D. Ga., 2011).

Contrary to Defendant's misrepresentation of Plaintiff's Complaint allegations, nowhere does Plaintiff concede that the underlying transaction required to be analyzed under the Fair Debt Collection Practices Act.  Defendant deliberately refers to an allegation regarding a transaction completed by a non-party to this action and regarding a commercial loan transaction that is not the subject of this action.  However, the primacy of Plaintiff's action depends on the very allegation that Defendant specifically ignores; that Plaintiff never executed any personal guaranty, FAC, ¶ 14, 48, 72, 84, 93, and Defendant forged his signature. FAC, ¶ 34, 38, 43, 48, 50, 67, 69, 75, 82, 84, 93, 96.

Moreover, Plaintiff has specifically alleged that Defendant is pursuing collection of a consumer debt based on the improperly obtained Consent Judgment.  FAC, ¶ 30, 35,

37, 38, 39, 40, 41, 43.

The facts alleged, demonstrated through court records, and conceded by Defendant demonstrate that Defendant is a debt collector who has engaged in prohibited activity, i.e., forging a guaranty document.  At issue is whether Plaintiff may maintain his action as a consumer based on whether the debt being collected is a consumer debt.  The allegation here is that Defendant is attempting to collect on a personal guaranty (the alleged subject matter of its Consent Judgment) that was never presented to or executed by Plaintiff.  The commercial loan referenced by Defendant is a debt to a third-party corporate entity and said entity is not a party to this suit.  Plaintiff has absolutely no obligation on the Note that is the subject of the commercial loan raised by Defendant.

In this matter, Defendant seeks the collect of the personal funds of Plaintiff from his personal bank accounts, personal property, and personal wages.  The Court can take judicial notice that Defendant has sought execution of a writ in the Maryland state court action on Plaintiff's wages and property referenced in Defendant's memorandum.

In this case of first impression—where there is no underlying transaction that exists—the debt must be construed as a consumer debt since Plaintiff's personal funds are inherently for personal/consumer purposes until impacted upon through third-party obligation.  In this case, Plaintiff has asserted no third-party obligation or underlying transaction exists.

In the light most favorable to Plaintiff, Plaintiff's objections should be sustained and the motion to dismiss should be denied.

## III.   PLAINTIFF HAS SUFFICIENTLY PLED HIS FRAUD CLAIM

The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint and determine whether it states "a claim to relief that is plausible on its face." *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1319 (11th Cir. 2016).

On de novo review, this Court should simply consider whether the allegations on the face of the FAC indicate that Plaintiff specifically seeks relief for *claims*—not isolated allegations—that are permissible under law. *See La Grasta*, 358 F.3d at 846.

The Court should construe the allegations in the light most favorable to the Plaintiff and not draw the unwarranted inference that Plaintiff seeks a recovery for impermissible claims. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).

Specifically, the Magistrate determined that Plaintiff's fraud claim does not meet the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. Incredibly, that conclusion ignores the primary allegation of fraud by Defendant's forgery that precisely states that IOU (who) alleged Plaintiff executed a personal guaranty (what) at or about the date of execution of the promissory note (when) by forging Plaintiff's signature (how).

To plead a fraud claim with particularity, " 'a plaintiff must plead facts as to time, place, substance of the defendants alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them.'" *Brazil v. Janssen Research & Dev. LLC*, 249 F. Supp. 3d 1321, 1339 (N.D. Ga. 2016) (quoting *Jenkins v. BAC Loan Servicing LP*, 822 F. Supp. 2d 1369, 1380 (M.D. Ga. 2011) (internal quotation marks and citation omitted)). "This means that to state an actionable claim for fraud, the plaintiff must state the who, what, when[,] where, and how." Id. (internal quotation marks and citation omitted).

Rule 9(b) is satisfied if the complaint sets forth (1) the precise nature of the fraud, (2) the timing, context, contemporaneous event and the party responsible for the same and (3) the substance of such fraudulent conduct and the deceptive nature and/or effect the fraud and (4) what the defendant obtained as a consequence of fraud.  *See generally U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1201, 1310 (11th Cir. 2002). Plaintiff satisfied this requirement.

First, each of the Defendant's employees/agents was under an affirmative obligation to not engage in fraudulent conduct and/or to disclose material information to Plaintiff regarding Defendant's actions. *King Mfg. Co. v. Clay*, 118 S.E.2d 581, 584 (Ga. 1961). Suppression of a material fact constitutes fraud when, as here, the Defendant is under a duty to disclose arising from the relationship.  *See* O.C.G.A. § 23-2-53. Plaintiff

has alleged fraud as to the Defendant in its omission of material information regarding the forgery.

Specifically, as alleged, Defendant was aware not only that Plaintiff had not signed a personal guaranty not only because his former counsel exchanged e-mail correspondence with Defendant's former counsel regarding the matter (FAC, ¶¶ 20-25, Exhibit 3), but Defendant also sought to get Plaintiff and his wife to execute a personal guaranty to resolve their then current dispute.  (FAC, ¶ 20-25, Exhibit 3, ¶¶ 20-25). Each of the individual employees or agents of Defendant oversaw the unfettered misuse of the fraudulent document during the pendency, and used it as the basis of its actions against Lorenzo Downing.  Defendant took affirmative steps to conceal the misuse of the fraudulent document from various tribunals, thus further breaching their affirmative duty to disclose to Plaintiff all material facts.

Additionally, Plaintiff has alleged fraud as to the Defendant's affirmative misrepresentations.  For example, Defendant affirmatively misrepresented the illegitimacy of the forged document. As evidenced by the uninterrupted practice of seeking to extort an obligation on a personal guaranty Plaintiff never signed, it is clear that Defendant had no intention of ceasing this practice.

Defendant has engaged in a pattern of conduct—reflected throughout its efforts against Plaintiff—of falsely representing the personal guaranty as an obligation of

Lorenzo Downing while having more than sufficient evidence of its illegitimacy. All of this conduct was perpetrated for the purpose of first pursuing fraudulent ends and then deterring Plaintiff from properly defending himself or engaging in litigation. As a consequence of Defendant's fraudulent conduct, Plaintiff has been monetarily damaged in having to defend himself. (FAC, ¶ 74, 76-77).

The foregoing facts are thoroughly alleged in the FAC and evidenced in the documents attached to and incorporated into the FAC. Accordingly, Plaintiff has more than satisfied the pleading requirements of Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, Plaintiff's objections should be sustained and Defendant's motion to dismiss should be denied.

## IV.   PLAINTIFF HAS SUFFICIENTLY PLED HIS GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT CLAIM

Plaintiff has pled allegations against IOU regarding its violations of the Georgia's Uniform Deceptive Trade Practices Act ("GUDTPA"), O.C.G.A. § 10–1–370, et seq. Under GUDTPA, "[a] person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable." O.C.G.A. § 10–1–373(a). An injunction under this provision requires the allegation (and presentation of evidence showing) of a likelihood of future harm by a deceptive trade practice. *See Catrett v. Landmark Dodge, Inc.*, 253 Ga.App. 639, 560 S.E.2d 101, 106 (2002) (granting summary judgment on

plaintiff's GUDTPA claim where plaintiff had "not presented any evidence—or even alleged—that he '[was] likely to be damaged' by [defendant's deceptive] trade practices in the future") (quoting O.C.G.A. § 10–1–373(a) ); *Helpling v. Rheem Mfg. Co.* , No. 1:15-CV-2247-WSD, 2016 WL 1222264, at *15–16 (N.D. Ga. Mar. 23, 2016) ("A plaintiff who demonstrates past harm, but does not allege ongoing or future harm, has not shown that he is likely to be damaged within the meaning of section 10–1–373(a).") (quoting *Silverstein v. Procter & Gamble Mfg. Co.* , No. CV 108-003, 2008 WL 4889677, at *4 (S.D. Ga. Nov. 12, 2008)).

Defendant limits its argument to wrongly asserting that Plaintiff has not pled future harm.  Nothing could be further from the truth.  Plaintiff's FAC clearly alleges that (1) [b]ecause of the fraudulent conduct by Defendant, Plaintiff will be vulnerable to future unauthorized action by Defendant, including ongoing attempts to collect an invalid debt; (2) Plaintiff will suffer damages in the future including the cost of lawsuits, credit repair, credit monitoring, and protection from Defendant; (3) [a]s a direct and proximate result of the conduct alleged herein and Defendant's violations of the Georgia Uniform Deceptive Trade Practices Act, Plaintiff has suffered damages . . . and further requires protection from further conduct of Defendant in the future; and (4) Plaintiff seeks injunctive relief pursuant to the provisions of the Georgia Uniform Deceptive Trade Practices Act to prohibit Defendant from enforcing the alleged personal guaranty and/or

any alleged debt collection actions or activities against Plaintiff. FAC, ¶¶ 87-90.

Moreover, Plaintiff has pled facts demonstrating the ongoing fraud and its injury to Plaintiff. FAC, ¶¶ 74-77.  Plaintiff explicitly states that "[a]s a consequential and proximate result of injury caused by Defendant, IOU, Plaintiff has experienced and *continues to experience* severe emotional distress in the form of depression, fear anxiety, worry, grief, and lack of sleep." FAC, ¶¶ 77.  Furthermore, Plaintiff has alleged that IOU has intended "to cause injury to Plaintiff" . . .  with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, . . . with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury,  loss, harm, and damage, constituting malice, oppression, or fraud, thereby entitling Plaintiff to punitive damages . . . . . FAC, ¶¶ 76.

Plaintiff has plausibly alleged that he is "likely to be damaged by IOU's deceptive trade practice.  O.C.G.A. § 10–1–373(a). This is because Plaintiff has properly alleged that IOU's collection activity is based primarily on fraud. Plaintiff's specific allegations concern both ongoing and future harm of the type contemplated by GUDTPA.  *See Bolinger*, 838 F.Supp.2d at 1364 (future harm involving real estate database fees sufficiently alleged where plaintiffs alleged that "at least at some point in the future, the properties of Plaintiffs will be bought and sold"). Because Plaintiffs have plausibly alleged both ongoing and a likelihood of future harm from these specific deceptive trade

practices in connection with IOU's collection activities, in the light most favorable to Plaintiff, Plaintiff's GUDTPA claim must survive Defendant's motion to dismiss.

## V.   PLAINTIFF SUFFICIENTLY PLED HIS GEORGIA FAIR BUSINESS PRACTICES ACT CLAIM

A private FBPA claim has three elements: a violation of the Act, causation, and injury." *Tiismann v. Linda Martin Homes Corp.*, 281 Ga. 137, 139, 637 S.E.2d 14, 17 (2006) (citations omitted) (internal alterations); *see also Regency Nissan, Inc. v. Taylor*, 194 Ga.App. 645, 391 S.E.2d 467, 470 (1990).   In addition, "justifiable reliance is an essential element of an FBPA claim." *Crown Ford, Inc. v. Crawford* , 221 Ga.App. 881, 473 S.E.2d 554, 557 (1996) (citation omitted). Finally, "[e]stablishment of unfair or deceptive acts or practices, within the meaning of the FBPA, does not require proof of an intentional conduct on the part of defendant." *Regency Nissan, Inc. v. Taylor*, 194 Ga.App. 645, 391 S.E.2d 467, 470 (1990) (emphasis omitted).

Defendant challenges none of Plaintiff's allegations but asserts a failure to provide notice of said claim to Defendant.   The Georgia FBPA requires plaintiffs to provide a written demand for relief at least 30 days prior to filing suit in order to be entitled to an award of damages unless the "prospective respondent does not maintain a place of business or does not keep assets within the state." O.C.G.A. § 10-1-399(b); *Steed v. Federal Nat. Mortg. Corp., 689 S.E.2d 843, 301 Ga. App. 801 (Ga. App., 2009*).

Whether Defendant maintains assets in the State of Georgia is a question of fact

not ripe for determination on a Rule 12(b)(6) motion to dismiss. Moreover, Defendant's Memorandum concedes that Plaintiff "misidentified" Defendant as a Georgia business entity. Def. Memo., p. 4. Thus, the notice requirement is inapplicable. *Shurley v. McNeil & Meyers Asset Mgmt. Grp. LLC, 5:17-CV-492 (MTT)* (M.D. Ga., 2018).

Assuming arguendo the applicability of the notice requirement in this case, the notice requirement of OCGA § 10-1-399(b) must be liberally construed. *Lynas v. Williams*, 216 Ga.App. 434, 435(3), 454 S.E.2d 570 (1995). This Court has held that a notice is sufficient if it apprises the recipient "of the underlying facts giving rise to" the sender's claim; it need not cite the appropriate Code section. *Colonial Lincoln-Mercury v. Molina*, 152 Ga.App. 379, 383(9), 262 S.E.2d 820 (1979). *Stringer v. Bugg*, 563 S.E.2d 447, 254 Ga. App. 745 (Ga. App., 2002).

In this case, IOU had notice from the previous state court proceedings that Plaintiff claimed fraud on the part of Defendant and this occurred more than 30 days prior to the filing of the Complaint and the First Amended Complaint in this matter.

Accordingly, Plaintiff's objections should be sustained and Defendant's motion to dismiss the Georgia FBPA claim should be denied.

## VI.   <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff submits that Defendant's motion should be denied in its entirety.

20

Respectfully submitted,

Dated: June 12, 2019        **OBIORAH FIELDS, LLC**

By: ___s/Danielle Obiorah_____
    Danielle Obiorah, ID # 055770
157 South McDonough Street
Jonesboro, Georgia 30236
Phone:(404) 476-6414
Fax:(877) 828-8956

**-and-**

**WARD LAW GROUP**

By: ___s/Damon L. Ward_____
    Damon L. Ward, ID # 221442
6200 Excelsior Boulevard
Suite 101
St. Louis Park, MN 55416
(612) 353-9770 Main
(612) 282-3060 Direct

**ATTORNEYS FOR PLAINTIFF
LORENZO DOWNING**

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(D)</u>

I hereby certify that the foregoing Objections were prepared using Times New Roman 14 point font, in accordance with Local Rule 5.1(C) and with a top margin of margin of not less than one and one-half (1½) inches and and a left margin of not less than one (1) inch in accordance with Local Rule 5.1(D).

.

/s/ Damon L. Ward